UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN KIETTY ALI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREWS, et al.,<br><br>　　　　　　Defendants. | No.  1:25-cv-00578 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY:<br><br>(1) THIS MATTER SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY, AND<br><br>(2) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AS MOOT<br><br>PLAINTIFF'S SHOWING OF CAUSE, OR IN THE ALTERNATIVE, THE VOLUNTARY DISMISSAL OF THIS CASE, DUE IN FOURTEEN DAYS |

   Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

   For the reasons stated below, Plaintiff will be ordered to show cause: (1) why this matter should not be dismissed as having been untimely filed, and (2) why his application to proceed in forma pauperis should not be denied as moot. Plaintiff will be given fourteen days to file the showing of cause, or in the alternative, voluntarily dismiss this action.

I. PROCEDURAL HISTORY

On May 13, 2025, Plaintiff's complaint and his application to proceed in forma pauperis were docketed in the Sacramento Division of this Court. ECF Nos. 1, 2. Two days later, the case was transferred to this Division. See ECF No. 4. On May 16, 2025, Plaintiff's six-month prison trust fund account statement was docketed. ECF No. 7.

II. PLAINTIFF'S COMPLAINT

A. Relevant Facts

Plaintiff, an inmate at High Desert State Prison, names two Kern Valley State Prison ("KVSP") employees as defendants in this action: Correctional Cook Free Staff Andrews and Correctional Officer Cruz. ECF No. 1 at 1-2.

Plaintiff alleges that his Eighth Amendment rights were violated when, on April 18, 2018, while he was working in KVSP's dining hall, Defendant Andrews called him into a back room and ordered Plaintiff to let him, Andrews, fellate him, and if Plaintiff refused he would be written up. See ECF No. 1 at 3 (Claim One). Plaintiff further claims that a couple of days after the incident, Defendant Andrews fired him, falsely claiming that Plaintiff had refused to go to work, when in fact, after the incident, Plaintiff had never been called back into work. Id.

Plaintiff further alleges that on the same day, Defendant Cruz also violated his Eighth Amendment rights when she failed to watch and protect him from Defendant Andrews' abusive sexual assault as he worked in the dining hall. He claims that she had a duty to watch the inmates who were working in the kitchen of the dining hall. ECF No. 1 at 4 (Claim Two). Instead, he contends, Defendant Cruz just sat at the front office failing to stop Defendant Andrews from assaulting him. Id.

B. Harm Caused and Remedy Sought

Plaintiff contends that since the incident, he has been in emotional, mental, and physical pain and distress, and he asserts that Defendant Andrews' actions and Defendant Cruz's inaction will harm him for the rest of his life. See ECF No. 1 at 3-4. He seeks $1,500,000.00 in monetary damages from each Defendant. Id. at 6.

III. <u>APPLICABLE LAW</u>

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" <u>Lukovsky v. City and County of San Francisco</u>, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting <u>Two Rivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999); <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. <u>Lukovsky</u>, 535 F.3d at 1048; <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (2004); <u>Fink</u>, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. <u>See</u> <u>Jones</u>, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. <u>See</u> <u>Hardin v. Straub</u>, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.

The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. <u>Donoghue v. County of Orange</u>, 848 F.2d 926, 930-31 (9th Cir. 1988); <u>Addison v. State of California</u>, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. <u>Jones</u>, 393 F.3d at 927. The Ninth Circuit has recognized that prisoners relying on the California statute of limitations are entitled to equitable tolling of the statute of limitations while completing the

3

mandatory exhaustion process. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby,12 Cal. 3d 410, 414 (1974); cf. Code Civ. Proc. § 356 [tolling applies whenever commencement of an action is statutorily prohibited].).

IV. DISCUSSION

A. Complaint Is Untimely Filed

Plaintiff's complaint clearly indicates that the action and inaction on the part of Defendants Andrews and Cruz occurred on April 18, 2018. See ECF No. 1 at 3-4. Plaintiff's complaint was constructively filed on January 20, 2025, the date that he signed it.[1] See id. at 6.

The lapse of time between April 18, 2018, and January 20, 2025, is six years, nine months and two days. Allowing for the fact that consistent with state and federal law, Plaintiff had four years from April 18, 2018, when he knew of the alleged sexual assault by Defendant Andrews and the alleged failure to act by Defendant Cruz, absent any equitable tolling for exhaustion, Plaintiff is two years, nine months and two days late in filing the instant complaint in this Court.

B. Dismissal of Case and Denial of In Forma Pauperis Application Are Warranted

Given these facts, it must be recommended that this matter be summarily dismissed as having been untimely filed by Plaintiff. Consistent with this recommendation, it should also be recommended that Plaintiff's application to proceed in forma pauperis be denied as moot. However, prior to making these recommendations, Plaintiff will be ordered to show cause why they should not be made. As an alternative to filing the showing of cause, Plaintiff may also voluntarily dismiss this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). He

---

[1] When a prisoner gives prison authorities a pleading to mail to the court, the court deems it constructively "filed" on the date that it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). A court also assumes that a prisoner turns his pleading over to prison authorities on the same day that he signs it. See, e.g., Porter v. Ollison, 620 F.3d 952, 955 n.2 (9th Cir. 2010).

4

will be given fourteen days to take either course of action.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff is ordered to SHOW CAUSE why:

         a. The complaint should not be DISMISSED as UNTIMELY FILED, and

         b. The application to proceed in forma pauperis should not be DENIED as MOOT;

      2. As an ALTERNATIVE to filing the showing of cause, Plaintiff may VOLUNTARILY DISMISS this matter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and

      3. Plaintiff will have fourteen days to take either course of action.

IT IS SO ORDERED.

    Dated: **June 27, 2025**                  **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE