1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HUSSEIN KIETTY ALI,                    No.  1:25-cv-00578 GSA (PC)

12                  Plaintiff,               ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
13           v.
                                             ORDER RECOMMENDING THAT:
14    ANDREWS, et al.,
                                             (1) PLAINTIFF'S COMPLAINT BE
15                  Defendants.              SUMMARILY DISMISSED WITH
                                             PREJUDICE AS UNTIMELY, AND
16
                                             (ECF No. 1)
17
                                             (2) PLAINTIFF'S APPLICATION TO
18                                           PROCEED IN FORMA PAUPERIS BE
                                             DENIED AS MOOT
19
                                             (ECF Nos. 2, 7)
20
                                             PLAINTIFF'S OBJECTIONS DUE IN
21                                           FOURTEEN DAYS

22

23           Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

24    has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  (ECF Nos. 1,

25    2).  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. §

26    636(b)(1)(B).

27

28

                                              1

For the reasons stated below, the undersigned will recommend that Plaintiff's complaint be dismissed with prejudice as having been untimely filed and that Plaintiff's application to proceed in forma pauperis be denied as moot.  Plaintiff will be given fourteen days to file objections to this order.

I.    RELEVANT PROCEDURAL HISTORY

On May 13, 2025, Plaintiff's complaint, along with an application to proceed in forma pauperis, and a copy of an uncertified prison trust fund account statement of Plaintiff's were docketed in the Sacramento Division of this District.  ECF Nos. 1, 2.  Two days later, the matter was transferred to the Fresno Division.  See ECF No. 4.  The same day, Plaintiff was ordered to file a certified copy of his six-month prison trust fund account statement.  ECF No. 6.  The next day, one was filed on Plaintiff's behalf.  See ECF No. 7.

On June 27, 2025, after conducting a cursory review of Plaintiff's complaint, the Court issued an order directing Plaintiff to show cause why this matter should not be dismissed as having been untimely filed and, consistent with this finding, why Plaintiff's application to proceed in forma pauperis should not be denied as moot.  ECF No. 8.  Plaintiff was given fourteen days either to file a showing of cause, or in the alternative, to voluntarily dismiss this case.

More than fourteen days have passed and Plaintiff has neither filed a showing of cause nor voluntarily dismissed this matter.  Nor has Plaintiff filed an extension of time to do so.

II.    PLAINTIFF'S COMPLAINT

A.  Relevant Facts

Plaintiff, an inmate at High Desert State Prison, names two Kern Valley State Prison ("KVSP") employees as defendants in this action:  Correctional Cook Free Staff Defendant Andrews and Correctional Officer  Defendant Cruz.  ECF No. 1 at 1-2.

Plaintiff alleges that his Eighth Amendment rights were violated when, on April 18, 2018, while he was working in KVSP's dining hall, Defendant Andrews called him into a back room and ordered Plaintiff either to let Plaintiff fellate him or risk being written up.  See ECF No. 1 at 3 (Claim One).  Plaintiff further claims that a couple of days after the incident, Defendant Andrews

1   fired him falsely claiming that Plaintiff had refused to go to work, when in fact, after the incident,

2   Plaintiff had never been called back into work.  Id.

3        Plaintiff further alleges that on the same day, Defendant Cruz also violated his Eighth

4   Amendment rights when she failed to watch and protect him from Defendant Andrews' abusive

5   sexual assault as he worked in the dining hall.  He claims that she had a duty to watch the inmates

6   who were working in the kitchen of the dining hall.  ECF No. 1 at 4 (Claim Two).  Instead, he

7   contends, Defendant Cruz just sat at the front office failing to stop Defendant Andrews from

8   assaulting him.  Id.

9            B.  Harm Caused and Remedy Sought

10       Plaintiff contends that since the incident, he has been in emotional, mental and physical

11  pain and distress, and he asserts that Defendant Andrews' actions and Defendant Cruz's inaction

12  will harm him for the rest of his life.  See ECF No. 1 at 3-4.   He seeks $1,500,000.00 in monetary

13  damages from each Defendant.  Id. at 6.

14       III.    APPLICABLE LAW

15       In federal court, federal law determines when a claim accrues, and "under federal law, a

16  claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of

17  the action.'"  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir.

18  2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192

19  F.3d 911, 914 (9th Cir. 1999)).  In the absence of a specific statute of limitations, federal courts

20  should apply the forum state's statute of limitations for personal injury actions.  Lukovsky, 535

21  F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.  California's two-

22  year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims.  See

23  Jones, 393 F.3d at 927.  California's statute of limitations for personal injury actions requires that

24  the claim be filed within two years.  Cal. Code Civ. Proc., § 335.1.

25       In actions where the federal court borrows the state statute of limitations, the court should

26  also borrow all applicable provisions for tolling the limitations period found in state law.  See

27  Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989).  Pursuant to California Code

28  of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1

3

provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.

The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. The Ninth Circuit has recognized that prisoners relying on the California statute of limitations are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic:  'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby,12 Cal. 3d 410, 414 (1974); cf. Code Civ. Proc. § 356 [tolling applies whenever commencement of an action is statutorily prohibited].).

IV.    DISCUSSION

A.    Complaint Is Untimely Filed

Plaintiff's complaint clearly indicates that the alleged action  on the part of Defendant Andrews and the inaction on the part of Defendant Cruz that he alleges  violated his Eighth Amendment rights occurred on April 18, 2018. See ECF No. 1 at 3-4. Plaintiff's complaint was constructively filed on January 20, 2025, the date Plaintiff signed it.[1] See id. at 6.

---

[1] When a prisoner gives prison authorities a pleading to mail to the court, the court deems it constructively "filed" on the date that it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1

4

The time between April 18, 2018, and January 20, 2025, is six years, nine months and two days.  Allowing for the fact that consistent with state and federal law, Plaintiff had four years from April 18, 2018, when he knew of the alleged sexual assault by Defendant Andrews and the alleged failure to act by Defendant Cruz, absent any equitable tolling for exhaustion, Plaintiff is two years, nine months and two days late in filing the instant complaint in this Court.

B.  Dismissal of Case and Denial of In Forma Pauperis Application Are Warranted

Plaintiff has been given sufficient time and opportunity to dispute the Court's finding that his complaint is untimely, yet he has not done so nor requested for an extension of time to do so. For these reasons, it is recommended that:  (1) this matter be summarily dismissed with prejudice as having been untimely filed by Plaintiff, and (2) Plaintiff's application to proceed in forma pauperis be denied as moot.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that:

1.  This matter be SUMMARILY DISMISSED with prejudice as having been UNTIMELY FILED;

2.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED as MOOT, and

3.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by

---

(9th Cir. 2010).  A court also assumes that a prisoner turns his pleading over to prison authorities on the same day that he signs it.  See, e.g., Porter v. Ollison, 620 F.3d 952, 955 n.2 (9th Cir. 2010).

1    its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

2    in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

3    28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

4    objections within the specified time may result in the waiver of certain rights on appeal.  <u>See</u>

5    <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

6    Cir. 1991).

7

8    IT IS SO ORDERED.

9      Dated:   <u>**July 21, 2025**</u>            <u>**/s/ Gary S. Austin**</u>

10                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28